IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALEXANDER CARRION, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 20-cv-4869 |
| | ) | |
| v. | ) | Judge John F. Kness |
| | ) | |
| CITY OF CHICAGO and | ) | Magistrate Judge M. David Weisman |
| UNKNOWN CHICAGO POLICE | ) | |
| OFFICERS, | ) | |
| | ) | |
| Defendants. | ) | JURY DEMANDED |

**DEFENDANT CITY OF CHICAGO'S ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES, AND JURY DEMAND**

NOW COMES the Defendant City of Chicago, ("Defendant City"), by and through its attorney, Mark A. Flessner, Corporation Counsel for the City of Chicago, and for its Answer to Plaintiff's Complaint, Affirmative Defenses, and Jury Demand, states as follows:

1. This is a civil action arising under 42 U.S.C. § 1983. The jurisdiction of this Court is conferred by 28 U.S.C. § 1343 and § 1367.

**ANSWER:** Defendant City admits that Plaintiff purports to bring this action pursuant to 42 U.S.C. § 1983 and that jurisdiction is proper.

2. Plaintiff is a resident of this judicial district.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

3. Defendant City of Chicago is a municipal corporation with its principal office in this judicial district.

**ANSWER:** Defendant City admits the allegations contained in this paragraph.

1

4. Defendant City of Chicago employs a force of police officers who act under color of law by and through its Chicago Police Department.

**ANSWER:** Defendant City admits that Defendant City of Chicago employs police officers but denies the remaining allegations contained in this paragraph.

5. On June 1, 2020, plaintiff joined a peaceful protest against police brutality in the Uptown neighborhood.

**ANSWER:** Defendant City denies the allegations contained in this paragraph.

6. While plaintiff was walking eastbound on the south sidewalk of West Wilson Avenue, east of its intersection with North Broadway, defendants Unknown Chicago Police Officers set upon and began attacking plaintiff and his girlfriend.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

7. In particular, defendants Unknown Chicago Police Officers started shoving, beating, and stomping on plaintiff.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

8. Among other injuries, plaintiff sustained a deep gash to his head, requiring stitches.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

9. At all relevant time periods, defendants Unknown Chicago Police Officers were acting under color of law and within the scope of their employment with defendant City of Chicago.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

10. The conduct of defendants Unknown Chicago Police Officers in attacking plaintiff was done without legal justification and in violation of plaintiffs Fourth Amendment right to be free from unreasonable seizures.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

11. Plaintiff asserts federal claims against defendants Unknown Chicago Police Officers.

**ANSWER:** Defendant City admits that Plaintiff purports to bring federal claims pursuant to 42 U.S.C. § 1983 against unknown Chicago police officers but lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations contained in this paragraph.

12. Plaintiff additionally asserts a state law claim against defendant City of Chicago based on the doctrine of respondeat superior for battery. Plaintiff also joins the City of Chicago as the indemnitor of the individual officers on plaintiffs federal claims.

**ANSWER:** Defendant City admits that Plaintiff purports to bring a state law claim against defendant City of Chicago based on the doctrine of *respondeat superior* for battery and joins Defendant City as the indemnitor of unknown Chicago police officers. Answering further, Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations contained in this paragraph.

13. Plaintiff demands trial by jury.

**ANSWER:** Defendant City admits Plaintiff demands a trial by jury.

## AFFIRMATIVE DEFENSES

1. Defendant City is not liable to Plaintiff for any federal claim for which its employees or agents are not liable to Plaintiff. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

2. To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that

3

Plaintiff had a duty to mitigate his claimed injuries and damages, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

3. Plaintiff is not entitled to attorney's fees for his state law claims. *See Pennsylvania Truck Lines, Inc. v. Solar Equity Corp.*, 882 F.2d 221, 227 (7th Cir. 1989); *Kerns v. Engelke*, 76 Ill.2d 154, 166; 390 N.E.2d 859, 865 (1979); *Miller v. Pollution Control Bd.*, 267 Ill. App. 3d 160, 171; 642 N.E.2d 475, 485 (4th Dist. 1994).

4. Defendant City is immune from the imposition of punitive damages under both state and federal law. Moreover, under Illinois law, Defendant City cannot be required to indemnify any employee for punitive damages, nor may it pay a judgment for punitive damages. 745 ILCS 10/2-102 (2014).

5. As to any state law claim made by Plaintiff, Defendant City is not liable because the decision as to what action to take with regard to Plaintiff was a discretionary decision for which Defendant City and its employees are immune from liability. 745 ILCS 10/2-201.

6. To the extent any employee or agent of Defendant City was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes willful and wanton conduct. 745 ILCS 10/2-202.

7. Defendant City is not liable to Plaintiff for any state law claim for which its employees or agents are not liable to Plaintiff. 745 ILCS 10/2-109.

8. To the extent any injuries or damages claimed by Plaintiff as proximately caused, in whole or in part, by the negligent, willful and wanton and/or other wrongful conduct on the part of the Plaintiff, any verdict or judgment obtained by Plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this cause. At the time of the actions alleged in Plaintiff's complaint, 735 ILCS 5/2-1116 (West 2018) was in effect and reduces Plaintiff's recovery according to his contributory negligence and bars his recovery entirely when the Plaintiff is more than fifty percent (50%) of the proximate cause of the injury or damage for which recovery is sought.

9. As to Plaintiff's state law claims, Defendant City is not liable for failing to provide adequate police protection or service. 745 ILCS 10/4-102.

10. Defendant City is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204 (2010).

**JURY DEMAND**

Defendant City demands a trial by jury for all issues so triable.

                                            Respectfully submitted,

                                            MARK A. FLESSNER
                                            Corporation Counsel for the City of Chicago

By:   */s/ Maxwell Evan Lisy*
        Assistant Corporation Counsel

Joi Kamper, Supervising Assistant Corporation Counsel
Maxwell Lisy, Assistant Corporation Counsel
Raoul Mowatt, Assistant Corporation Counsel
City of Chicago, Department of Law
Federal Civil Rights Litigation
2 North LaSalle Street, Suite 420
Chicago, Illinois 60602
(312) 742-0305
Maxwell.lisy@cityofchicago.org
Attorney No. 6321014
**Counsel for Defendant City of Chicago**

## CERTIFICATE OF SERVICE

    I hereby certify that I served the above **DEFENDANT CITY OF CHICAGO'S ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES, AND JURY DEMAND,** by causing it to be delivered by electronic means to all parties of record with an appearance on file via the Court's CM/ECF online filing system on this 18th day of November, 2020.

                                                            By:   */s/ Maxwell Evan Lisy*
                                                                              Assistant Corporation Counsel

Joi Kamper, Supervising Assistant Corporation Counsel
Maxwell Lisy, Assistant Corporation Counsel
Raoul Mowatt, Assistant Corporation Counsel
City of Chicago, Department of Law
Federal Civil Rights Litigation
2 North LaSalle Street, Suite 420
Chicago, Illinois 60602
(312) 742-0305
Maxwell.lisy@cityofchicago.org
Attorney No. 6321014
**Counsel for Defendant City of Chicago**